IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BAC LOCAL UNION 15 PENSION FUND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 05-0640-CV-W-DW |
| ) | |
| DWIGHT E. STOVALL, JR. d/b/a ) | |
| Stovall Masonry ) | |
| ) | |
| Defendant. ) | |

## ORDER

Upon the motion of the BAC Local Union 15 Pension Fund, BAC Local Union 15 Welfare Fund, and BAC Local Union 15 Apprenticeship and Training Fund, Plaintiffs in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

    1.    On July 19, 2005, Plaintiffs filed their Complaint against Defendant; and

    2.    The Defendant was served through its Registered Agent, Dwight E. Stovall, by Special Process Server with a copy of the Summons and Complaint on August 22, 2005, at 510 Highway EE, Owensville, Missouri, 65066, and therefore the Court has jurisdiction over said Defendant; and

    3.    This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132; and

    4.    Defendant has failed to answer or otherwise defend as to Plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of record or upon

Plaintiffs; and Plaintiffs have heretofore filed in the within cause on September 23, 2005, the following pleadings and caused the same to be mailed by certified mail to: Dwight E. Stovall, Registered Agent, 510 Highway EE, Owensville, Missouri 65066:

    a.    Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

    b.    Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure).

    c.    Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

5.    The Court entered a show-cause order on the September 19, 2005 directing Defendant to show cause why default judgment should not be entered against it and caused said Order to be mailed by certified mail to: Dwight E. Stovall, Registered Agent, 510 Highway EE, Owensville, Missouri 65066. Defendant did not respond to the Court's Order.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against Defendant, Dwight E. Stovall, Jr. d/b/a Stovall Masonry, and in favor of Plaintiffs, BAC Local Union 15 Pension Fund, BAC Local Union 15 Welfare Fund, and BAC Local Union 15 Apprenticeship and Training Fund and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

COUNT I

1.    That Plaintiff, BAC Local Union 15 Pension Fund, have and recover of and from Defendant for the period **January 1, 2004 through March 31, 2005** in the amount of **TWENTY-THREE THOUSAND, NINE HUNDRED FORTY AND 28/100 ($23,940.28) DOLLARS** in unpaid fringe benefit contributions, **THREE THOUSAND, SEVEN HUNDRED SEVENTEEN AND 60/100 ($3,717.60)**

**DOLLARS** as and for liquidated damages and **SIX HUNDRED TWENTY-FOUR AND 56/100 ($624.56) DOLLARS** for interest on the unpaid contributions; **TWO THOUSAND, FIVE HUNDRED EIGHTY-FIVE AND 96/100 ($2,585.96) DOLLARS** representing reasonable attorneys' fees; **TEN THOUSAND, SEVEN HUNDRED FIFTY-SEVEN AND 50/100 ($10,757.50) DOLLARS** representing audit costs, for a total of **FORTY-ONE THOUSAND, SIX HUNDRED TWENTY-FIVE AND 90/100 ($41,625.90) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

  2. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period April 1, 2005 to date.

  3. That Plaintiff, BAC Local Union 15 Pension Fund, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from April 1, 2005, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

3

Case 4:05-cv-00640-DW   Document 10   Filed 11/08/05   Page 3 of 7

4. That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the BAC Local Union 15 Pension Fund on behalf of employees working under the collective bargaining agreements.

5. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

COUNT II

1. That Plaintiff, BAC Local Union 15 Welfare Fund, have and recover of and from Defendant for the period **January 1, 2004 through March 31, 2005** in the amount of **THIRTY-SIX THOUSAND, ONE HUNDRED THIRTY-FOUR AND 25/100 ($36,134.25) DOLLARS** in unpaid fringe benefit contributions, **FIVE THOUSAND, FIVE HUNDRED EIGHTY-SEVEN AND 60/100 ($5,587.60) DOLLARS** as and for liquidated damages and **NINE HUNDRED THIRTY-SEVEN AND 96/100 ($937.96) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, ONE HUNDRED NINETY-THREE AND 52/100 ($1,193.52) DOLLARS** representing reasonable attorneys' fees; **FOUR THOUSAND, NINE HUNDRED SIXTY-FIVE AND 00/100 ($4,965.00) DOLLARS** representing audit costs, for a total of **FORTY-EIGHT THOUSAND, EIGHT HUNDRED EIGHTEEN AND 33/100 ($48,818.33) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period April 1, 2005 to date.

3. That Plaintiff, BAC Local Union 15 Welfare Fund, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from April 1, 2005 to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

4. That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the BAC Local Union 15 Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6.  That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

## COUNT III

1.  That Plaintiff, BAC Local Union 15 Apprenticeship and Training Fund, have and recover of and from Defendant for the period **January 1, 2004 through March 31, 2005** in the amount of **TWO THOUSAND, EIGHT HUNDRED EIGHTY-FIVE AND 03/100 ($2,885.03) DOLLARS** in unpaid fringe benefit contributions, **FOUR HUNDRED FORTY-SIX AND 72/100 ($446.72) DOLLARS** as and for liquidated damages and **SEVENTY-FIVE AND 01/100 ($75.01) DOLLARS** representing interest on the unpaid contributions; **ONE HUNDRED NINETY-EIGHT AND 93/100 (198.93) DOLLARS** representing reasonable attorneys' fees; **EIGHT HUNDRED TWENTY-SEVEN AND 50/100 ($827.50) DOLLARS** representing audit costs, for a total of **FOUR THOUSAND, FOUR HUNDRED THIRTY-THREE AND 19/100 ($4,433.19) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2.  Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period April 1, 2005 to date.

3.  That Plaintiff, BAC Local Union 15 Apprenticeship and Training Fund, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to

the number of hours found by said accounting to have been paid to employees covered by said agreements from April 1, 2005, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

4. That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the BAC Local Union 15 Apprenticeship and Training Fund on behalf of employees working under the collective bargaining agreements.

5. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

IT IS SO ORDERED.

  /s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date:  November 8, 2005

7

Case 4:05-cv-00640-DW   Document 10   Filed 11/08/05   Page 7 of 7